UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CLEM COMMERS, as Chairman and MAYNARD BRAU, as Secretary of the Twin City Floor Covering Industry Pension Fund; CLEM COMMERS, as Chairman and MAYNARD BRAU, as Secretary of the Twin City Floor Covering Industry Fringe Benefit Trust Fund, and their successors,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CEILINGS INCORPORATED, d/b/a/ CEILINGS and FLOORS<br><br>　　　　　　　　Defendant. | Civil File No. 05-1342 (RHK/AJB)<br><br><br>**FINDINGS OF FACT<br>CONCLUSIONS OF LAW<br>AND ORDER FOR DEFAULT<br>MONEY JUDGMENT** |

This matter was heard before the undersigned on September, 21, 2005. Amy L. Court of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1.　The Summons and Complaint were filed in this matter on July 6, 2005. Defendant was personally served with the Summons and Complaint on July 6, 2005.

2.　Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

3.　Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. ' 1002(37).

1

They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing floor covering work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement.

4. Defendants were bound by a certain Collective Bargaining Agreement between the Carpet, Linoleum, Resilient Tile Layers Local #596 of the Lakes and Plains Regional Council of Carpenters.

5. Under the Collective Bargaining Agreement, employers are required to make fringe benefit contributions on behalf of each bargaining unit employee in the amounts set forth and agreed upon therein. The employer is required to submit fringe fund reports containing such information about the employees as the Trustees may require. Fringe benefit contributions are due on the first (1st) day of the month, payable on or before the tenth (10th) day, succeeding the month hours are worked, for all floor covering hours worked by its employees to the Funds' designated administrator.

6. The Collective Bargaining Agreement further provides that upon request, the employer is likewise required to make available employment and payroll records for examination and audit by the Trustees of the Plaintiffs or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Plaintiffs and to ascertain whether Defendant has properly complied with their contribution obligations.

7. At the Funds request, the Defendant produced documents for review for an audit of the period of January 2002 through June 2004.

8. The Fund's auditor discovered hours worked by various employees governed by the Bargaining Agreement for which fringe benefit contribution payments were not made.

9. The Funds' Auditor prepared an audit invoice based on these documents. The total amount of fringe benefit contributions discovered to be owing to the Plaintiffs from the audit is $3,191.43. Previously, the Funds had determined $28,629.25 to be due per the audit but later discovered this amount included hours included another judgment previously obtained by the Funds so the duplicate hours were removed

10. To date, Defendant has failed and refused to pay the amounts due.

11. The Collective Bargaining Agreement provides that an employer is liable for all amounts recoverable under ERISA, including an additional 10% of all contributions which are not timely submitted, as liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

12. The total liquidated damages owing to the Funds for the audit is $319.14.

13. The amount and extent of the attorney fees and costs incurred by the Funds is $1,162.23.

## **CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to Default Money Judgment.

2. Defendant owes the Funds $3,191.43 for fringe benefit contributions and $319.14 for liquidated damages for the audit period of January 2002 through June 2004.

3. Defendant owes $1,162.23 for attorney fees and costs.

# **ORDER**

**IT IS ORDERED** that:

1. Default be Entered by the Clerk against Defendant;

2. Plaintiffs' Motion for Default Money Judgment is Granted;

3. Judgment in the amount of $4,672.80 Shall be Entered against Defendant

Ceilings Incorporated d/b/a/ Ceilings and Floors, in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September  21 , 2005               s/Richard H. Kyle
                                           RICHARD H. KYLE
                                           United States District Judge

4